UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

HECTOR ALEXSANDRO MONTANEZ,

    Petitioner,                                       Case No. 24-cv-10906

v.                                                        HON. MARK A. GOLDSMITH

FREADEANE ARTIS,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME (Dkt. 1), (2) HOLDING THE CASE IN ABEYANCE, AND (3) ADMINISTRATIVELY CLOSING THE CASE.**

Petitioner Hector Alexsandro Montanez, incarcerated in the Thumb Correctional Facility in Lapeer, Michigan, filed a motion for an extension of time to file a petition for a writ of habeas corpus (Dkt. 1). The motion is construed as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner seeks an extension of time to file a habeas petition to challenge his convictions for second-degree murder, Mich. Comp. L. § 750.317, carrying a concealed weapon with unlawful intent, Mich. Comp. L. § 750.226, and possession of a firearm in the commission of a felony, Mich. Comp. L. § 750.227b. For the reasons that follow, the motion is granted under the terms set forth in this opinion.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Montanez, No. 343414, 2020 WL 1231805 (Mich. Ct. App. Mar. 12, 2020); People v. Montanez, 956 N.W.2d 180 (Mich. 2021).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. The Michigan appellate courts denied Petitioner leave to appeal. People v.

Montanez, No. 367778 (Mich. Ct. App. Nov. 22, 2023); People v. Montanez, 3 N.W.3d 818 (Mich. 2024).

## II. ANALYSIS

Petitioner seeks an extension of time to file his habeas petition, claiming that he needs more time to obtain a copy of the Michigan Supreme Court order denying his post-conviction appeal from his appellate attorney so that he can prepare a proper habeas petition.

The Court construes Petitioner's motion as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because he claims that he seeks habeas relief but requests an extension of time to file a habeas petition and brief with the supporting documentation. See, e.g., Garner v. Warden, No. 2:22-cv-12468, 2022 WL 16827582, at *1 (E.D. Mich. Oct. 20, 2022); See also Sueing v. Palmer, 503 F. App'x 354, 356–357 (6th Cir. 2012) (petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); Watkins v. Haas, 143 F. Supp. 3d 632, 638 n.4 (E.D. Mich. 2015), rev'd sub nom. on other grounds Watkins v. Deangelo-Kipp, 854 F.3d 846 (6th Cir. 2017) (district court construed petitioner's request to stay the petition as a newly filed petition for writ of habeas corpus). A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations can file a "protective" petition in federal court, as Petitioner appears to have done. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). A federal district court also has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. See, e.g., Hill v. Mitchell, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998).

Accordingly, Petitioner's motion for an extension of time to file a habeas petition is granted. The proceedings are stayed and the Court holds the habeas petition in abeyance.

Petitioner shall have ninety (90) days from the date of this order to file his amended habeas petition. Petitioner shall file a motion to reopen the case under the current case number and using the current caption when he files his amended habeas petition. To avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.  Upon receipt of a motion to reopen the case, the Court will order the Clerk to reopen this case for statistical purposes.[1]

    SO ORDERED.

Dated: June 4, 2024                                        s/Mark A. Goldsmith
    Detroit, Michigan                           MARK A. GOLDSMITH
                                                      United States District Judge

---

[1] Petitioner's habeas petition is deficient because he failed to pay the $ 5.00 filing fee or an application to proceed in forma pauperis.  See Gravitt v. Tyszkiewicz, 14 F. App'x 348, 349 (6th Cir. 2001).  In lieu of issuing a Deficiency Order, the Court holds the petition in abeyance. However, when Petitioner moves to reopen the case, he will be required to pay either the $5.00 filing fee or submit an application to proceed in forma pauperis.